### UNITED STATES v. PERKINS et al.

(Circuit Court, S. D. New York. January 2, 1906.)

CONTRACTS—ACTION FOR BREACH—MEASURE OF DAMAGES.

A provision of a contract for doing work for the United States that, in case of failure to duly prosecute the work, the contract might be annulled by the engineer in charge, in which case all percentages due or to become due to the contractor should be forfeited, is not inconsistent with a further provision that if the contractor failed to complete the work as agreed all sums due and percentages retained should be forfeited, and the United States might recover any damages sustained in excess of the amount forfeited, and both may be enforced, the contractor being given credit, when the full measure of compensatory damages has been ascertained, for all sums so forfeited.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 744.]

At Law. On demurrer to complaint.

Henry L. Burnett and Arthur M. King, for the United States.
John N. Browne and Frederic J. Swift, for defendants.

HAZEL, District Judge. This is an action to recover damages on an annulled contract. The facts are sufficiently stated in the opinion of the court. The defendants have demurred to the plaintiff's complaint and claim that a cause of action is not stated. The contract which is the subject of the controversy was annulled by an agent of the United States before the expiration of the time of performance. Such annullment con-

cededly was within the scope of the contract, and was permissible whenever, in the judgment of the United States engineer in charge of the construction, the contractors failed to faithfully and diligently prosecute the work. It is provided in the agreement that all percentages due or to grow due under its terms were to become forfeited to the United States upon written notice to the contractors, in case such contractors omitted or failed diligently to perform the work in accordance with the specifications and requirements of the contract. It was also stipulated as follows:

"It is further understood and agreed that in case of failure on the part of the party of the second part to complete this contract as specified and agreed upon that all sums due and percentage retained, shall thereby be forfeited to the United States, and that the said United States shall also have the right to recover any or all damages due to such failure in excess of the sums so forfeited, and also to recover from the party of the second part, as part of said damages, whatever sums may be expended by the party of the first part in completing the said contract, in excess of the price herein stipulated to be paid to the party of the second part for completing the same."

Demurrants contend that the clauses relating to forfeiture of percentages and to recovery of compensatory damages are inconsistent with one another. I am unable to subscribe to the soundness of this contention, as defendant will be entitled to be credited with the amount forfeited when the full measure of damages is ascertained. This is not a case where the contractors were without sufficient cause prevented by the other party to the contract from performance. The annullment, as alleged in the complaint, was owing to the failure of the contractors to seasonably comply with the understanding. Whether the actions of the engineer, as indicated by the correspondence passing between him and the firm of Perkins & O'Brien and the subsequent annullment of the contract, were in good faith, or whether there was sufficient cause for his actions in that regard, is obviously a question for the trial court, to be determined by the jury from the elicited facts. Assuming, as we must, that the contract was properly annulled, the measure of the plaintiff's relief is firmly established. The clause of the contract above quoted lends emphasis to the suggestion that the recovery of damages, on account of defendant's failure to perform, was in contemplation of the parties at the time the contract was entered into. The intention of the parties under the contract is clear and a proper construction of its provisions is not difficult. Nothing illuminative of the propositions argued by counsel for defendants is found in either King v. United States, 37 Ct. Cl. 428, or in Hayes v. City of Nashville, 80 Fed. 642, 26 C. C. A. 59, and, hence, the demurrer is overruled with costs, and the defendants may answer within 20 days.